IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| LEANTHONY MOSES | § | |
| VS. | § | CIVIL ACTION NO. 1:22-CV-343 |
| LASALLE CORRECTIONAL CORP. LLC, *et al.*, | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Leanthony Moses, an inmate confined at FCI Low in Forest City, Arkansas, proceeding *pro se*, filed this civil action against multiple Defendants.[1]

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendation for the disposition of the case.

Background

Plaintiff filed a complaint regarding an incident at the LaSalle Corrections Unit in Beaumont, Texas, before he was transferred to the Bureau of Prisons (Doc. #1). In a response to an order to replead, Plaintiff informs the court he has not exhausted his administrative remedies and requests a stay in order to do so (Doc. # 27).

Standard of Review

An *in forma pauperis* proceeding may be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) if it: (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from such relief.

A complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989);

---

[1] In a response to an order to replead, Plaintiff states he asserting claims against both federal and state actors.

*Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

A complaint fails to state a claim upon which relief may be granted if the factual allegations are not sufficient to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). Dismissal for failure to state a claim is appropriate when the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Id.*, 127 S.Ct. at 1974. Plaintiffs must state enough facts to "nudge[ ] their claims across the line from conceivable to plausible." *Id.*

In considering whether to dismiss a complaint for failing to state a claim upon which relief may be granted, all factual allegations in the complaint must be taken as true and construed favorably to the plaintiff. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). However, conclusory allegations will not suffice to prevent dismissal for failure to state a claim. *Id*.

Analysis

Section 1997e of the Civil Rights of Institutionalized Persons Act, 42 U.S.C. §§ 1997-1997j, requires prisoners to exhaust administrative remedies before initiating a prison conditions case. The statute provides in pertinent part the following: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

The Federal Bureau of Prisons (BOP), which administers the prison in which plaintiff is incarcerated, has a four-step process for resolving complaints by prisoners. Initially, a prisoner must attempt to informally resolve the complaint with staff. 28 C.F.R. § 542.13(a). If informal attempts are unsuccessful, the prisoner must submit a Request for Administrative Remedy to the Warden.

28 C.F.R. § 542.14. If the prisoner is not satisfied with the warden's response, he may appeal to the Regional Director. 28 C.F.R. 542.15. If still unsatisfied, the prisoner may appeal to the Office of General Counsel. *Id*.

Administrative remedies must be exhausted regardless of the type of relief sought in the lawsuit and regardless of whether the particular type of relief sought is available through the applicable grievance process. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001). The exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes. *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

In *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court recognized that the failure to exhaust administrative remedies is an affirmative defense, and inmates are not required to plead or demonstrate exhaustion in their complaints. *Id*. at 216. However, under *Jones*, if the complaint itself makes clear that the prisoner failed to exhaust administrative remedies, a district court, *sua sponte,* can dismiss the case prior to service on the defendants for failure to state a claim. *Carbe v. Lappin*, 492 F.3d 325, 327-328 (5th Cir. 2007).

Here, plaintiff has made clear that he had not exhausted all steps of the available prison grievance procedure prior to filing this action and seeks a stay in order to do so.

The Supreme Court has explained that prisoners must exhaust available administrative remedies in accordance with all procedural rules, including deadlines, as a precondition to bringing suit in federal court. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). The Fifth Circuit has made clear that administrative remedies must be exhausted prior to filing a lawsuit rather than while the action is pending. *See Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012) ("there can be no doubt that pre-filing exhaustion of prison grievance processes is mandatory"). Thus, this complaint fails to state a claim upon which relief may be granted and should be dismissed. The dismissal should be without prejudice to plaintiff's ability to file a new complaint should he choose to do so after exhausting his administrative remedies.

Recommendation

This complaint should be dismissed without prejudice for failure to state a claim upon which relief may be granted for failure to exhaust administrative remedies prior to filing suit.

Objections

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

**SIGNED this the 1st day of December, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE